## CARMAN *against* McINCROW.

Where the owner pays the contractor for the erection of a building, pursuant to the contract, on or after its completion, a party who furnished materials to the latter acquires no lien by filing, subsequent to such payment, notice, pursuant to the act for the better security of mechanics and others in the city of New York. (*Laws of* 1851, *p.* 953.)

It seems that those who furnish materials, or perform labor for the contractor on credit, should file the notice prescribed by the act before the completion of the building, to secure themselves against payments thereafter made in good faith by the owner to the contractor.

\*APPEAL from a judgment of the court of common [\*71 pleas of the city and county of New York. The action in the court below was prosecuted to enforce a lien upon a building and lot, owned by the defendant, pursuant to the act entitled " an act for the better security of mechanics and others erecting buildings, and furnishing materials therefor, in the city and county of New-York," passed July 11th, 1851. (*Laws of* 1851, 953.) The case was tried before a referee, who, by his report, found the following facts : George Smith contracted to furnish the materials, and do the carpenter work upon a frame building for the defendant, according to certain specifications, for $635, to be paid at certain stages of the work ; the last payment to be made when it should be completed. The building was finished on or prior to the 2d of January, 1852; and on that day the defendant paid the balance of the $635 to the con tractor, having before made several payments as the work progressed. The plaintiff furnished Smith with materials to the amount of $250, on credit, which were used by the latter in constructing the building, and which had not been paid for. On the 22d April, 1852, the plaintiff served on the county clerk a notice, specifying the amount of his claim, and the other particulars required by the 6th section of the act; and on the 28th of the same month he served the

defendant with a notice to submit to an accounting and settlement, and also a bill of particulars of the amount claimed. The referee held, as matter of law, that the plaintiff had not acquired a lien upon the building, and decided that the defendant was entitled to judgment, which was accordingly entered, and the judgment was, on appeal, affirmed at a general term; upon which the plaintiff appealed to this court. The case was submitted upon printed points

*J. Brice Smith*, for the appellant.

*I. Livingston*, for the respondent.

*72]   *DENIO, J.   The question to be determined is whether a person, contracting to have a building erected for him, who has, after the work was completed, paid the contractor in full, is still liable to a third person who has furnished materials to the contractor, which have been used by him in the building, though such third person had not, at the time of such payment to the principal contractor, served the notice of his claim on the county clerk, as prescribed by the mechanics' lien law, provided he has served such notice after the payment, but within six months after furnishing the materials. The first section of the act gives the lien in favor of the principal contractor, and also in favor of any one performing labor or furnishing materials to such contractor, on their giving the notice mentioned in the 6th section. The lien is to attach to the building and lot to the extent of the owner's interest in them; but it is declared that "such owner shall not be obliged to pay for, or on account of such house, &c., in consideration of all the liens authorized by this act to be created, any greater sum or amount than the price stipulated and agreed to be paid therefor in and by such contract."

The sixth section requires the parties entitled to liens, to serve a notice in writing on the county clerk within six

months after the performance of the labor or furnishing the materials, specifying the amount claimed and describing the building sought to be subjected to the lien, with some other matters. The particulars mentioned in the notice are to be entered by the clerk, in a book, in alphabetical order. The remainder of the act is devoted mainly to the details of bringing on the trial where the lien is contested, and to the entries to be made upon the claimant obtaining judgment, or upon the lien being discharged. The provision for a public register of the notice which is to create the lien, shows that it was intended that the parties to be affected by such an incumbrance should have reasonable constructive notice that one was claimed. The lien attaches from the *time of the notice, and when it is duly given, the parties affected are bound to acquaint themselves with it [*73 at their peril. A person providing materials or labor on credit to a contractor, can secure himself against a payment by the owner to the contractor by giving the notice; for after the notice given, he would not be affected by such payment. The owner would be held to have made it in his own wrong. What the consequence would be if the owner should pay the contractor in advance, and then the latter should perform the work by means of labor and materials procured upon credit, it is not necessary now to determine. But we think that where the contractor is to be paid after his work is performed, the owner may, when the job is completed, safely discharge his obligation to the contractor if he finds that no person has given the notice required to create a lien. A contract to pay for a building when it is completed, is certainly a lawful contract; but if the owner may be exposed to liens created at any time within six months after its completion, he will be compelled to part with his money or be subjected to an action, at a time when he cannot safely pay without subjecting himself to the hazard of being obliged to pay a second time, if it shall subsequently

3 KERN.—5

Carman *against* McIncrow.

appear that the contractor has incurred debts to others for materials to finish the work. On the other hand, there is no hardship in requiring the party furnishing materials to act promptly in giving his notice, if he is not willing to trust the contractor. If he does this immediately after the debt in his favor is contracted, and it then appears that, by the arrangements between the owner and contractor, there is nothing due to the latter, perhaps the lien might, notwithstanding, be maintained ; but upon that point we do not give a definite opinion. In this case, we think the defendant should be protected in his payment to the contractor, no notice having been filed by the plaintiff, and the work being done and the money being fully due when the defendant paid it.

The judgment should be affirmed.

*74]   *GARDINER, C. J., and JOHNSON, HAND, CRIPPEN and DEAN, JJ., concurred in the foregoing opinion.

MARVIN, J., dissented and delivered an opinion in favor of reversing the judgment below.

Judgment affirmed.[1]

[1] *Thompson* v. *Yates*, 28 How. Pr. 142. If the contractor abandon his contract, after being paid in full for all work performed under it, a mechanic can obtain no lien, by reason of the employment of another person to complete the building. *Allen* v. *Carman*, 1 E. D. Smith 692. *Spalding* v. *King*, Ibid. 717. *Linn* v. *O'Hara*, 2 Ibid. 560. And where the contractor abandons the work, having received all the instalments to which he was entitled, and the owner, in pursuance of the contract, completes the building, at an expense exceeding the contract price, a mechanic cannot acquire a lien, by a notice filed subsequently to the last payment made to the contractor. *Ferguson* v. *Burke*, 4 E. D. Smith 760. So, if a sub-contractor abandon his contract, after being paid in full, and the principal contractor subsequently perform the work, which is also paid for, before notice of lien, a material-man can acquire no lien for materials furnished to the sub-contractor. *Crane* v. *Genin*, 60 N. Y. 127. And if the contractor could not recover the final payment from the owner, on the ground of the non-completion of the building, it cannot be recovered by a mechanic who has filed a lien. *Preusser* v. *Florence*, 51 How. Pr. 385.