Grover, J.
The question upon the facts found is, whether one who has furnished materials and done work upon a building in Onondaga county, under a contract made with a subcontractor for a portion of the work, has a lien therefor against the owner, being indebted to the contractor, for the erection of the building upon the contract, to an amount sufficient to satisfy his demand after the completion of the building, and after the contractor has paid his sub-contractor for all the work done under the sub-contract according to its terms. This depends upon the construction of chapter 366, Laws of 1864, as amended by chapter 788, Laws of 1866, providing for the security of mechanics, etc., in the erection of buildings in Onondaga county. Section 1, page 856, of the former act, provides, that any person who shall, in pursuance of any contract, etc., either with the owner of the property or any contractor, perform any labor or furnish any materials in building, altering or repairing any house or other building *493 or appurtenances, etc., in the county of Onondaga, to the amount of twenty dollars or over, or any person who has made a contract for the same shall, until the end of three months after the performance of such labor or furnishing materials, be deemed to have an equitable lien for the same upon such house, etc., and the land upon which the same may be situated. Section 2 provides that, as against the owner, no notice shall be necessary to- establish such lien. That, as to others, the only notice necessary for a party that he claims such lien,, shall be the filing of a notice with the county clerk of the county, at any time while the business is progressing or within the period of three months, as therein specified; and that, as the work progresses, the party may acquire successive liens by giving the aforesaid notice. This section was amended by section 1, chapter 788, volume 2, page 1693, of Laws of 1866, by adding to- the end thereof as follows: “ When such labor or material is performed or furnished to a contractor or sub-contractor, all payments made by the owner to either, in good faith, to apply on his contract, shall operate to extinguish the lien aforesaid, unless- written notice of the lien is served on the owner of the premises before such payment, stating that the same is then or immediately thereafter will be claimed.”
In this ease the work was done by the plaintiff, and the materials furnished by the plaintiff, at the request of a sub-contractor, for a part of the work from Moore, the contractor, for the erection of the building. Moore paid his sub-contractors, in accordance with his contract with them, in good faith. The plaintiff insists that, notwithstanding such payment, he is entitled to a lien, for the reason that the owner had not paid Moore. He founds his- claim upon the language of the statute of 1864, which he insists gives a lien, for three months after the completion of the work, against the owner, although the owner may have paid the contractor in full, and that in this respect only was the law changed by the amendment of 1866. That the owner not having paid the contractor, Moore, his right is not affected by the amendment. But in Carman v. *494 McIncrow (13 N. Y., 70) it was held that, where the owner paid the contractor, after the completion of the building, pursuant to his contract, a" party who had done labor or furnished materials could acquire no lien therefor by filing a notice subsequent to such payment, although filed within the time prescribed therefor by' the statute. This was so held in a case arising upon the a'ct of 1851 (Session Laws, 953), which is the same as that of 1864, in respect to the question under consideration. It follows that) under the act Of 1864, a lien could not have" been acquired against an owner by filing notice after he had paid the contractor in good faith, pursuant to the contract.
Allusion is made in the opinion, in Carman v. McIncrow, to the fact that, in that case, the payment was made after the completion of the building. I do not' think this fact at all controlling. The important circumstance was that it was made pursuant to the contract. A party furnishing materials or doing work, relying upon the lien given by statute for security, must examine the contract, with the owner;, for it is only to the extent of what is due or to become due upon this contract that his lien can attach. If he furnishes the material or does the work for a subcontractor, in like reliance, he should not only examine the contract with the owner, but also that of the sub-contractor; for if the sub-contractor fails to perform his contract so that nothing becomes payable thereon, or is paid in full according to its terms in case of performance, there can be no lien within the principle of Carman v. McIncrow (supra). There is no reason for protecting an owner against a lien who has paid the contractor in full pursuant to the contract, not equally applicable to a contractor, who in like manner has paid his sub-contractor. • It would be equally unjust to compel a contractor to pay again through the enforcement of a lien as it would the owner. It is no more essential to the security of material-men and laborers in the one case than in the other. The mistake of the General Term was in supposing that the property remained subject to the lien, as *495 against the owner, under the act of 1864, notwithstanding he had paid in full, pursuant to the contract; that he was relieved from this only by the amendment of 1866. This resulted from overlooking Carman v. McIncrow (supra). That shows that the act of 1864 imposed no such liability upon the owner ; that the amendment made in 1866 in this respect was declaratory of the existing law. It follows that that amendment has no bearing upon the present case; that no lien can be acquired by the plaintiff by filing notice after payment to the sub-contractor pursuant to the contract.
The judgment appealed from must be reversed and a new trial ordered, costs to abide event, unless the plaintiff shall stipulate to reduce the judgment for his lien upon the property to $202.18, with interest thereon from November 28, 1869, and in that event the judgment as so modified should be affirmed, without costs to either party in this court.
All concur except Andrews, J., not voting.
Judgment accordingly.