666 SUPREME COURT OF APPEALS

# CHARLESTOWN.

## McKNIGHT & BRO. *v.* WASHINGTON.

September 13, 1875.

1. Under the provisions of the second and fifth sections of chapter seventy-five of the Code of West Virginia, of 1868, where the owner pays the contractor for the erection of a building pursuant to and in accordance with the obligation of his original contract with the contractor, after its completion, a party who furnished materials to the contractor, acquires no lien by giving notice in writing to the owner after such payment of the amount of his demand, and that he claims the benefit of the lien created by said chapter, although the notice was given within thirty days after the material was furnished. In such case no lien in favor of the material man ever attached.

*Supersedeas* to a decree of the circuit court of Jefferson county, rendered on the 13th day of June, 1873 granted upon the petition of the complainants below.

The complainants were Clinton H. McKnight and John McKnight, partners, trading under the name and style of McKnight & Brother, and the respondent Bushrod C. Washington.

The material facts appear in the opinion of the Court. The Hon. John Blair Hoge, Judge of said circuit court presided at the hearing below.

*William H. Travers* for the appellants.

*Andrew E. Kennedy* for the appellee.

HAYMOND, PRESIDENT:

The plaintiffs filed their bill in the circuit court of Jefferson county, against defendant, Bushrod C. Wash-

ington, in which it is alleged, substantially, that plaintiffs are mechanics and builders, and are proprietors of a steam saw mill located in Charlestown, in said county, and are engaged in furnishing materials for the construction of buildings, and for other purposes; that they had furnished to Julius C. Holmes, a contractor of the defendant, certain labor and materials in and for the construction, for the said defendant, of a two stories and basement, under dwelling house, situated in said county, about four hundred yards south from the south side of the old Manchester road, on the land of said defendant, adjoining lands of E. E. Cooke and B. W. Herbert, and about thirty yards east of the building recently constructed for the defendant, by H. Noland; of the furnishing of which labor and materials to the said contractor, the "defendant had due and proper notice; that the said labor and materials amount to the sum of $403.03; a bill of particulars of which has been filed by the plaintiffs, in the recorder's office of Jefferson county, against the said property, in the manner and within the time prescribed by the mechanic's lien law of this State. The plaintiffs pray that the said dwelling house, and three acres of ground surrounding the same, may be subjected to the payment of said lien, &c.

After the bill was filed the defendant, Washington appeared, by his attorney, and, instead of filing an answer, filed two pleas, to the bill, the *first* of which is that he never made any contract, such as is mentioned in their bill, with the plaintiffs and the *second* is that the whole of the contract price according to the contract made between himself and the said Julius C. Holmes, "has been settled with the said Holmes, and paid to him before any notice was given said defendant by said plaintiffs of any claim, or lien, which they allege they have against the building mentioned in plaintiffs said bill."

It does not appear whether the bill was, at any time, taken for confessed.

The bill seems to have been filed in the clerk's office on the first Monday of October, 1871.

The cause was heard before said circuit court on the 13th day of June, 1872, by consent of all parties to the bill, upon the bill, the two pleas of the "defendant, B. C. Washington, filed November 13, 1871, and general replications thereto, and the petition of Julius C. Holmes to be made a defendant in this cause, and by consent of parties, he is to be regarded as a defendant and all the parties to said cause agreeing to waive all questions of form in said cause, agree that the same shall be submitted to the court for its decision of the principles involved in this cause on the agreed state of facts herewith filed as a part of this decree. On consideration whereof, the cause being argued by counsel it is considered by the court, for reasons herewith filed in writing, that the law is for the defendant, upon the facts stated, and that the property described in the bill is not subject to the claim of the plaintiffs in the bill named, and that their said claim is not a lien on said property: It is therefore, adjudged, ordered and decreed that the bill of the complainants be dismissed, and that the complainants pay to the defendant Washington, the costs by him in the defence of this suit expended." The agreement of facts mentioned in said decree is in these words:

"McKnight & Bro.      ⎫ In the circuit court of Jeffer-
v.              ⎬
B. C. Washington.    ⎭ son county.

This cause is submitted to the circuit court on the following agreed facts:

1. Julius C. Holmes, a contractor and builder, undertook to erect a house for Bushrod C. Washington for a specified price, to be paid at intervals of time; the final payment was to be made when the building was completed. The contract between the parties was in writing.

2. McKnight & Brother occupy the position of material men, and, as such, furnished to Holmes, material

which was employed by him in the erection of the building.

3. For the purpose of this submission it is agreed, that after the completion of the building, Washington paid to Holmes the balance due upon the contract, having up to the time of such final payment received no intimation or notice that McKnight & Bro. were sub-contractors, or had supplied material to Holmes.

4. After the final payment by Washington to Holmes, and within the period prescribed by the statute, McKnight & Brother gave notice to Washington that they claimed the benefit of the lien created by chapter seventy-five of the Code for the material they had supplied. Upon these facts the question is submitted whether the property described in the proceedings in the above entitled cause is, under the provisions of the statute, subject to the claim of McKnight & Brother, and that the said claim attaches as a lien thereon."

This agreement is signed by the counsel of plaintiffs, and defendants Washington and Holmes.

The question arising under this agreement, and which the circuit court decided, as appears by its opinion in writing filed in the cause, as well as the decree rendered therein, arises under the second, third, fourth and fifth sections of chapter seventy-five of the Code of this State of 1868. Prior to the passage of the Code, and after the organization of this State, the Legislature passed two several acts upon the subject of mechanics' liens. See acts of 1866, p. 19, ch. 31; acts of 1868, p. 115, ch. 133. These acts are materially different in their provisions, and each of them is materially different from the provisions of said chapter seventy-five of the Code upon the same subject. The decision of this cause depends upon the proper construction of the sections of said chapter seventy-five of the Code, and especially of the second and fifth sections thereof.

The said second section embraces three classes of lienors:

*First.* " Every mechanic, builder, &c., who performs: any work or labor upon, or furnishes any material in the erection or construction of, a house, &c., by virtue of any contract with the owner thereof or his agents."

*Second* and *Third.* Those " who, in pursuance of an agreement with any such contractor, shall, in conformity with the terms of the contract with such owner or agents, do or perform any labor or work, or furnish any material, in the erection or construction of a house," &c.

The second section provides that each of these classes " shall have a lien for the value of such labor and material upon such house or other building and its appurtenances, and also upon the lots of land upon which the same is situated. But the aggregate of all liens, authorized by this chapter to be created, for labor performed and material furnished in building, altering or repairing a house or other building and its appurtenances, shall not exceed the price stipulated, in the contract with such owner, to be paid therefor. And such owner shall not be obliged to pay for or on account of such house, building or appurtenances any greater sum or amount than the price so stipulated and agreed to be paid therefor in and by such contract."

The third section provides that such lien shall be discharged, unless the person desiring to avail himself thereof, within thirty days from the time he ceases to labor or furnish material for such building or appurtenances, file with the recorder of the county in which the house or other building is situated a just and true account of the amount due him after allowing all credits, together with a description of the property intended to be covered by the lien, sufficiently accurate for identification, with the name of the owner or owners of the property, if known, which account shall be subscribed and sworn to by the person claiming the lien, or some one in his behalf.

The fourth section relates to the duty of the recorder in recording such "account," &c.

But the fifth section provides that "no person employed to do work or furnish materials for the construction of such house or building, or any part thereof, by another who may have contracted with the owner thereof, to construct or erect the same, or any part thereof, shall have a lien on such house or building, *unless* such person shall within thirty days after the term of his employment has expired, or after the delivery of the materials furnished, give notice in writing to the owner of such house or building of the amount of his demand and that he claims the benefit of the lien created by virtue of this chapter."

The second and fifth sections of chapter seventy-five, are in material respects the same in substance, and in fact in terms, as the first and sixth sections of "An Act" of the Legislature passed by the State of New York, July 11th, 1851, for the better security of mechanics and others erecting buildings and furnishing materials therefor in the city of New York.

I think under a proper construction of the said second and fifth sections of said chapter seventy-five the material man is bound to take notice of the contract between the "owner" and the "contractor" not only as to the materials but as to the price to be paid by the owner for the construction of the house or building, and the time or times the same is to be paid by the owner. In the language of the judge of the circuit court "It seems to me that the sub-contractor, or material man, is bound to ascertain the precise character of the original contract; that at his own peril, he must guard against payments provided by the contract to be made by the owner to the contractor; that his notice must be given, always, in time to enable the owner to retain moneys in his hands due to the contractor." * * * "The language of the second section seems to be very clear and decided. The aggregate of all liens shall *not* exceed the price originally stipulated; and the owner shall not be *obliged* to pay a greater sum than the price stipulated in the original con-

tract. The time prescribed in the fifth section has reference to the conditions of the second section. The sub-contractor or material man must file the account required by the third section with the recorder and give the notice required by the fifth section, within thirty days after the term of his employment has ceased, or after delivery of material furnished." But it seems to me that if he shall have performed labor or supplied material at a time, so late in the execution of the original contract, that the owner uninformed of his claim, has in pursuance of the obligation of his original contract with the contractor paid the full amount of the balance due the contractor after the building has been completed and before receiving the notice prescribed by the said fifth section of the Code, that it must be held that the lien never attached. Such it seems to us is the true and only reasonable construction that can be given the said second and fifth sections of the code. This view is somewhat different from that presented by the judge of the circuit court but not as to the result in this case, as his opinion was that in such case the material man's lien "was lost."

"I think the correctness of this conclusion, to which I have arrived, might be illustrated by many examples, which would show the injustice to the owner and the injury to mechanics without capital, who contract to erect buildings, which would result from a different construction. The question of public policy, it is also manifest, is deeply involved, if the interpretation of the statute, so ably urged by counsel for the complainants, should be sustained."

"The question arose in New York (*Carman v. McIncrow*, 13 N. Y., 70). The syllabus of this case is, ' Where the owner pays the contractor for the erection of a building, pursuant to the contract, on or after its completion, a party who furnished materials to the latter acquires no lien by filing, subsequent to such payment, notice, pursuant to the act for the better security of mechanics and others in the city of New York. (Laws of 1851, p.

953.") Judge Denio, in delivering the opinion of the court in the case just cited, on page 73, says: "A contract to pay for a building when it is completed is certainly a lawful contract; but if the owner may be exposed to liens created at any time within six months, (thirty days here), after its completion, he will be compelled to part with his money or be subjected to an action, at a time when he cannot safely pay without subjecting himself to the hazard of being obliged to pay a second time, if it shall subsequently appear that the contractor has incurred debts to others for materials to finish the work. On the other hand, there is no hardship in requiring the party furnishing materials to act promptly in giving his notice, if he is not willing to trust the contractor." See *Schneider v. Hobein*, 41 How. (N. Y.) Pr. Rep., 232, cited in Abbott's Digest, new series, p. 471; and Nott's Mechanics' Lien Laws, pp. 112, 113, 114 and 217.

1875. August Term.

McKnight Bros. v. Washington.

In the case at bar I think the decree of the circuit court is correct. I will add that there is no copy of the account of the material man filed. The agreement does not admit the correctness of plaintiff's account or the amount of it, nor does it appear by the agreement that the plaintiffs' gave notice, in writing, to the defendant Washington of the *amount* of their demand as required by the said fifth section of chapter seventy-five of the Code. But I have considered the case and concur with the judge of the circuit court in the decree rendered by him in the cause without reference to these matters.

For the foregoing reasons the decree of the circuit court rendered in this cause must be affirmed with costs and $30 damages to the appellee against the appellants.

Hoffman and Moore, Judges, concurred.

DECREE AFFIRMED.