# CHARLESTON.

KYLE *v.* OHIO RIVER RAILROAD COMPANY.

Decided March 23, 1901.

1. JUSTICES' JURISDICTION—*Amonut in Controversy.*

   Though a complaint or bill of particulars in a justice's court claim items of recovery aggregating an amount in excess of the jurisdiction of that court, yet, if the summons demand a sum within that jurisdiction, the action cannot be dismissed for want of jurisdiction upon the face of the complaint or bill of particulars; and, though the proof goes to show ground of recovery to an amount beyond such jurisdiction, the plaintiff at any time before the verdict of the jury or finding by the justice may withdraw any item of his demand, and thus reduce his recovery so as to be within the jurisdiction, and thus prevent the dismissal of his suit. (pp. 297, 298).

2. DAMAGES—*Basis for Measurement.*

   A crop of grass growing in a meadow, and partly matured, affords a basis for measurement of damages for the wrongful destruction of the crop by fire as for the value of the crop matured into hay; and evidence of the value of the usual crop of hay is admissible, and not to be rejected as proving profits mere conjectural or speculative. (pp. 299, 300).

Error to Circuit Court, Cabell County.

Action by E. Kyle against the Ohio River Railroad Company.

Judgment for plaintiff on appeal from justice court, and defendant brings error.

*Affirmed.*

VINSON & THOMPSON, for plaintiff in error.

SIMMS & ENSLOW and HERBERT FITZPATRICK, for defendant in error.

BRANNON, PRESIDENT:

E. Kyle brought an action against the Ohio River Railroad Company before a justice of Cabell County, which went by appeal to the circuit court, and in that court the plaintiff recovered upon the verdict of a jury, a judgment against said company, and said company has brought the case to this Court.

One objection to the judgment made by the company is that the court refused to sustain a motion to quash the return of service of the summons because of defect therein. The company did not appear before the justice, but the record shows by several orders entered at different times that the parties appeared in the case, and no motion to quash the return was made; and more particularly one order shows that the company moved for a continuance and obtained it. Afterwards it made this motion to quash. It came too late, as in order to take advantage of a defect in a summons or return the appearance must be for that purpose only, and the record must so state, and the motion for a continuance is regarded as a waiver of the defect. *Layne* v. *Ohio River R. Co.*, 35 W. Va. 438.

Another objection made by the company is that the justice had no jurisdiction of the action, because the plaintiff sued for an amount exceeding the jurisdiction of the justice, and that a motion made by the company to dismiss the action was overruled by the court. The facts pertinent to this point are that the summons claimed a recovery for the amount of two hundred and seventy-five dollars, while the bill of particulars or complaint filed with the justice states the liability of the defendant to be for negligently causing the meadow of the plaintiff and the herbage thereon to be destroyed by fire by negligently setting fire to the grass in the meadow and destroying fourteen acres of the meadow, for which the plaintiff claimed two hundred and fifty-two dollars; and for negligently killing a steer of the value

of forty-five dollars; and also for an alleged indebtedness to the plaintiff for work and labor done and services rendered by Kyle as sheriff amounting to thirteen dollars. It is practically conceded by the defendant's counsel that his motion to dismiss the action before the trial was properly overruled. It rested on the summons and bill of particulars only. The summons claimed two hundred and sevnty-five dollars, and that tests tne jurisdiction of the justice. *Todd & Smith* v. *Gates,* 20 W. Va. 464. Though the bill of particulars claimed more the plaintiff could not recover beyond the summons. But the defendant more confidently claims that its motion to dismiss the action made after the plaintiff as a witness gave evidence tending to show all the items of his claim should have been sustained. It is very plain to me that there is nothing in this contention. The bill of particulars set up a claim of thirteen dollars for services rendered by Kyle to the railroad company as sheriff, whereas his evidence distinctly showed that he could not recover that item in that action, as he stated that the claim was not for services rendered, as alleged in the complaint, but for some fee bills in a certain law suit which had been issued by other officers against the company, and which Kyle had lifted for the company. There was a variance between the allegation and proof, one being for services rendered, the other being for money paid for the company. This forbade recovery of that item. Even outside of this matter of variance, likely Kyle did not show enough to sustain his claim to that item. After the motion to dismiss Kyle withdrew all claim to that item of thirteen dollars, and had the court to exclude all evidence touching it. Now, if the jury had disregarded this thirteen dollars, as it should have done without any motion to withdraw it, and found a verdict for two hundred and ninety-seven dollars, or any sum not exceeding three hundred dollars, is it possible to say that Kyle could not have judgment for want of jurisdiction? What is the difference that Kyle excused the jury from passing upon it? The summons showed jurisdiction. The plaintiff could not recover any more than the amount demanded in it. *Richmond* v. *Henderson,* 48 W. Va. 389, (37 S. E. 653). The Code, chapter 50, section 13, provides that when a verdict finds more than is within the lawful jurisdiction of a justice, or the proof shows more on a trial before a justice, the party may release the excess and take judgment for the sum

proper for the jurisdiction of the justice. So there is no error in this matter.

Another complaint against the judgment made by the company is that the court refused to exclude from the jury all evidence touching the killing of a steer, which was included in the plaintiff's bill of particulars. The company contends that the evidence was so slight as to this claim that the court should have excluded it, because there was no evidence to show that the steer was killed by the railroad, and particularly there was no evidence to prove negligence upon the part of the company even if the steer was killed by the company's train. Kyle's son was driving some cattle on a hot day and stopped to let them rest in the shade, and one of them escaped. Search was made for it, and it was found lying cut and mangled by the railroad track, and the tracks of the steer were found on the railroad track. Plainly it cannot be said that there was no evidence to show that the steer was killed by the cars so as to warrant a court in taking the matter from the jury. Indeed, there was ample evidence to justify the jury in finding that the cars killed the steer. But the more plausible point here is that there was no evidence to show negligence in the killing of the steer. The law is that if the trainmen saw, or could and should have seen, the steer in time to avoid killing it, the company is responsible. There was evidence before the jury bearing on the location of the dead animal and the character of the railroad track there, and that the track was straight for at least one hundred yards, so that the animal could be seen for that distance at least. The question of negligence is a mixed question of law and fact, and is peculiarly a question for the jury under all the circumstances of the case. *Johnson* v. *Balto. & Ohio Co.*, 25 W. Va. 570. It is for the jury to weigh evidence. *Scott* v. *Ches. & Ohio Ry. Co.*, 43 W. Va. 484. A court must be very cautious in taking a case from the jury. I endeavored to lay down the principles touching the practice of directing a verdict or excluding the plaintiff's evidence in *Ketterman* v. *Dry Fork Railroad Company*, 48 W. Va. 606, (37 S. E. 683). There was, under the principles there stated, and stated in many other cases like *Carico* v. *R. R. Co.*, 35 W. Va. 589, enough evidence to call for the question of negligence being submitted to the jury.

The last point made by the railroad company against the verdict is that the jury found a verdict for two hundred dollars

when there was no basis, except mere speculation, for estimating damages to the plaintiff's meadow from fire. The defendant contends that the evidence introduced to show what would have been the value of the hay from the area of meadow covered by the fire when the grass should ripen into hay was mere arbitrary speculation and inadmissible under such cases as *Newbrough* v. *Walker,* 8 Grat. p. 16, and *James & Mitchell* v. *Adams,* 8 W. Va. 668, and *Bodkins* v. *Arnold,* 48 W. Va. 108, (35 S. E. 980). The company claims that the measure of damages is the value of the grass or other crop at the time of its destruction, citing 3 Sedgwick on Damages s. 937, and *Fort Worth & New Orleans R. Co.* v. *Wallace,* 12 S. W. 227. The general principle that you cannot measure damages by mere speculation or conjecture is well settled by the above cases. I may also cite for the same principles *N. American Transp. Co.* v. *Morrison,* 178 U. S. —; *Peshine* v. *Shepperson,* 17 Grat. 472, 486; *Grubb* v. *Burford,* 37 S. E. 4, 6. Mere speculative gains and profits cannot be recovered. *Burruss* v. *Hines,* 94 Va. 413. But mere speculation or conjecture as to profits or gains is one thing, whilst reasonable approximation of the value of a hay crop to come from grass growing in a meadow on the first of May, is another. The grass on the 1st of May would be of very little value. Is one who destroys it to be let off merely with that? It seems to me that when there is a crop of grass or any way growing crop lacking only a few weeks for maturity, it constitutes a substantial, tangible, basis of reasonable estimation of damage, forming a legal basis of measurement of damages.

We must consider that a partly grown crop has a potentiality of maturity under the laws of nature enabling us to say, with fair and reasonable certainty, that it will, by the law of nature, come to the full grown matured crop. "Seed time and harvest shall not fail." This is not conjectural profit; it is reasonable certainty. To warrant damages, to give the measure, absolute certainty is not required. Reasonable certainty is all that is required in law. It was proper to receive evidence of the usual, natural crop of hay on the meadow attested by past experience. The maturity of that crop was within reasonable probability and it was not improper to admit evidence of the usual value of the crop. These views will be sustained by the able discussion and citation of authorities upon the subject to be found in the second

edition of the American and English Encyclopædia of Law, vol. 8, page 610. These views lead us to an affirmance of the judgment.

*Affirmed.*