### SPICER et al. v. SNYDER.

(Supreme Court, General Term, Third Department.   November 22, 1892.)

**1. ASSIGNMENT OF BUILDING CONTRACT—RIGHTS OF ASSIGNEE.**

An assignment of a building contract by the contractors to material men furnishing lumber to be used in the erection of the building, as security for the price, vests in the assignees merely an equitable interest, operating on the indebtedness as it arises from time to time; and the assignees can recover from the owner only the balance due on the contract after deducting all payments made by him to mechanics and other material men for labor and material furnished in the construction of the house.

**2. SAME—ACTION BY ASSIGNEE—OPINION EVIDENCE.**

In an action on the contract by the assignees against the owner, a question requiring one of the contractors to state the amount outstanding for lumber and material used in the house for which the owner is liable should be excluded, as it requires the witness to state his conclusion as to the legal question of the owner's liability, and also to determine the facts out of which such legal question arises.

Appeal from special term, Rensselaer county.

Action by John D. Spicer and Henry B. Thomas against Edward Snyder on a building contract entered into between defendant and Vandenburgh & Quimby, and by the latter assigned to plaintiffs. There was a verdict in defendant's favor, and from a judgment dismissing the complaint on the merits, with $601.56 costs, plaintiffs appeal. Reversed.

For former report, see 12 N. Y. Supp. 744.

Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

Smith & Parmenter, (R. A. Parmenter, of counsel,) for appellants.

J. A. Cipperly, for respondent.

MAYHAM, P. J.   The plaintiffs furnished Vandenburgh & Quimby, who were partners, lumber, which was used by them in the construction of two houses which they had contracted to build,—one for the defendant, and one for one Edmons, at the contract price of about $5,900 each; and, being in impecunious circumstances, contracted with the plaintiffs to furnish lumber and material on credit, and, to secure the plaintiffs for such credit, assigned to the plaintiffs the contract with the defendant as collateral to the payment of all moneys due or to grow due from such builders to the plaintiffs.   On the day of making such assignment, the plaintiffs gave notice to the defendant of such assignment. The lumber was delivered by the plaintiffs, and at the time of the delivery of the same the plaintiffs charged the lumber used by Quimby & Vandenburgh in the Edmons house to Julia A. Edmons.   After the notice of the assignment of the Snyder contract to the plaintiffs, Snyder paid to plaintiffs, at different times, sums amounting in the aggregate to the sum of $1,000, and thereby recognized the validity of the assignment, and his obligation to pay the plaintiffs for some of the material at least furnished by plaintiffs to Vandenburgh & Quimby, which went into the construction of this house, to the extent of his liability to the builders, had not the assignment been made to the plaintiffs.   In Spicer v. Snyder, 12 N. Y. Supp. 744, this court held that the assignment

from Quimby & Vandenburgh to the plaintiffs did not vest in the assignees absolute right to all the money contracted by the defendant to be paid on this contract, but merely an equitable interest, operating upon the indebtedness as it arose from time to time, and that money paid by the defendant in the construction of this house to mechanics and material men was payment on and satisfied the contract to the extent of such payment. Payments of that character became a proper subject of inquiry on this trial, and within that decision the plaintiffs could only recover as assignees the balance due upon the contract after deducting all payments made by the defendant to other material men for material furnished in the construction of this house. As the evidence stood in that case, this court held that the plaintiffs were entitled to recover a balance of $372.68,—the amount due upon the contract, estimated upon the above basis. How much the evidence on this trial would change that amount it is not important for us to consider, as this court, as the case now stands, could in no event order a judgment if a balance were found due upon the contract.

But we think that on this trial the court erred in receiving evidence directed to the question of payments by and liabilities of the defendant for materials furnished by persons not parties to this contract, which might have influenced the verdict of the jury, for which this judgment should be reversed. The question put to Vandenburgh, which appears on page 145 of the case, in these words: "Question. Will you state what other bills there are outstanding for lumber and materials against the Snyder house, for which the defendant, Snyder, is liable?" This was properly objected to, and, we think, improperly received. The answer clearly involved a conclusion of the witness as to the legal question of the defendant's liability, and also the determination of facts out of which that legal question arose. It placed the witness in the position of the court and jury for the determination of conclusions of law and fact, and the answers which followed were not statements of facts, but many of them conclusions of the witness. As this was one of the vital questions in the case, this court cannot assume that this illegal evidence was harmless. There were other questions raised by the plaintiffs upon the admissibility of evidence somewhat similar to the one above discussed, but it is unnecessary for us to discuss them here. Upon the whole case, we are of opinion that the motion made by the plaintiffs to set aside the verdict and for a new trial upon the minutes should have been granted. The evidence, as it stands, shows a substantial performance of the contract in all essential particulars, except such as to which there was an actual or implied waiver by the defendant. The assignees of the builders' right were therefore entitled to payment of the contract price, less the advancement made to them or to others for material furnished in the construction of the house. The burden of showing such payment was a part of this affirmative defense, and we think he has failed in establishing that affirmative proposition. The judgment should be reversed, and a new trial ordered; costs to abide the event. All concur.