WILLIAM F. LAWRENCE AND ANOTHER, RESPONDENTS, *v.* EDWARD L'ESTRANGE PHIPPS, APPELLANT.

*Building contract — order by a contractor upon an owner for payment to a material-man, accepted — construction and effect of.*

A contractor who had agreed to erect certain buildings, while the buildings were in course of construction, drew and delivered to material-men two orders upon the owner of the buildings, substantially as follows: " Please pay to Lawrence Brothers the sum of $593.58 from and out of any money due and to become due me under my contract for building your two houses,  *  *  * and charge said sum to my account.   Said Lawrence Brothers having furnished me with the building materials for the erection of said houses, this instrument is intended as an absolute transfer to them of so much money arising out of said contract as will satisfy their said claim for building materials furnished for said houses."

The orders were respectively accepted by the owner as follows: '' The within order accepted, payable when the buildings are entirely finished." '' The within order accepted, payable as the buildings progress or when the same are completed."

*Held,* in an action by the material-men against the owner, on the orders and acceptances, that the instruments disclosed an intent not to pay the sums named absolutely, but only to pay out of moneys due, or to become due, the contractor upon his contract.

That the orders must be regarded as assignments, and that if nothing was ever due the contractor no liability arose upon the acceptances.

APPEAL by the defendant, Edward L'Estrange Phipps, from a judgment in favor of the plaintiffs and against the defendant, entered in the office of the clerk of the county of Westchester on the 10th day of October, 1892, on a verdict for $1,802.87, directed by the court at the Westchester Circuit, and from an order denying the defendant's motion for a new trial on the minutes, entered in said clerk's office on the same day.

*Isaac N. Miller*, for the appellant.

*James M. Hunt*, for the respondents.

PRATT, J.:

This is an appeal by the defendant from a judgment, entered upon a verdict which was directed by the court at the circuit against the defendant in favor of the plaintiffs for the sum of $1,802.87. The action was brought to recover the amount of two certain orders or drafts drawn by Albert W. Mott in favor of the plaintiffs upon the defendant, Edward L' Estrange Phipps, each dated September 28, 1891, and each accepted by the defendant. The orders and acceptances are as follows:

"YONKERS, N. Y., *Sept.* 28, 1891.

" Mr. EDWARD L'ESTRANGE PHIPPS:

" DEAR SIR. — Please pay to Lawrence Brothers the sum of five hundred and ninety-three dollars and fifty-eight cents ($593.58) from and out of any money due and to become due me under my contract for building your two houses, the one at Washingtonville and the other on lot 40, Monroe street, and charge said sum to my account. Said Lawrence Brothers having furnished me with the building materials for the erection of said houses, this instrument is intended as an absolute transfer to them of so much money arising out of said contract as will satisfy their said claim for building materials furnished for said houses.            " ALBERT W. MOTT."

" Indorsed :                    MOUNT VERNON, 10 *Oct.,* 1891.

" The within order accepted, payable when the buildings are entirely finished.            " EDW. L'E. PHIPPS."

"YONKERS, N. Y., *Sept.* 28, 1891.

"Mr. EDWARD L'ESTRANGE PHIPPS, *Mount Vernon, N. Y.:*

"DEAR SIR.— Please pay to Lawrence Brothers, of Yonkers, from and out of any money due and to become due me for building four houses for you on Monroe street, in Mount Vernon, the sum of eleven hundred and forty-nine dollars and one cent ($1,149.01), said sum to be equally divided between said four houses, and charge the same to my account. Said Lawrence Brothers having supplied me with the building materials for said four houses, this instrument is intended as an absolute transfer to them of so much money arising from said contract as will satisfy their said claim for building materials furnished.                    "ALBERT W. MOTT."

"Indorsed :                              *Oct.* 10th, 1891.

"The within order accepted payable as the buildings progress, or when the same are completed.        "EDW. L'E. PHIPPS."

The answer, among other defenses, set up substantially that Mott abandoned the contract, and that the defendant was obliged to finish the buildings at his own expense, and that no sum of money ever became due to said Mott out of which a payment of the orders could be made. The court excluded proof to substantiate the defense, holding that the acceptance of the orders made the defendant liable as soon as the houses were completed. Such is not our construction of the transaction.

We think the orders must be regarded as assignments, and that if nothing ever became due to Mott no liability arose upon the acceptance. The defendant accepted the orders as drawn. The order was "pay    *    *    *    dollars *from and out of* any money due and to become due me under my contract for building." It was simply an order to pay money due or to become due Mott, not to pay absolutely, and if the order had stopped there and been accepted no one would claim that the defendant could be held liable unless money was or did become due.

The balance of the writing in the contract simply states the considerations moving from the plaintiff to Mott, for the orders and the intention on Mott's part that the order should be regarded as an assignment or transfer of the money expressed in the order, to wit,

of the sum then *due or to become due.* Now, what is the effect of the acceptance in those words : " The within order accepted, payable when the building is finished."

This was an acceptance to pay according to the terms of the order, with limitations, that even the amount due or to become due should not be paid until the contract was completed in one case, and in the other to pay the amount due or to become due at the option of the defendant during the progress of the work or at the completion of the contract. Neither order required the defendant to pay any money absolutely, the requirement being to pay money due or to become due under Mott's contract. It was an acceptance to pay money upon the happening of the event of money becoming due the drawer under his contract, but payable only when the contract was completed. The acceptance was general except as to the time of payment. It was only to be paid out of a certain fund, and upon condition that such a fund should exist.

I think it is plain, from the reading of the orders and all the surrounding circumstances, that it was the intent of both parties that the orders should be paid out of moneys due Mott upon the completion of his contract. Nothing appears upon the face of the contract showing any intent, either upon the part of Mott or the defendant, that the defendant should bind himself in any way to pay any money only such as should be due under the contract and at the time only when the contract was completed. (*Home Bank* v. *Drumgoole,* 109 N. Y., 63 ; *Van Wagner* v. *Terrett,* 27 Barb., 181.)

We also think it was error to exclude proof offered by the defendant tending to show that nothing ever became due to Mott after the giving of the orders to plaintiff in order to rebut any presumption that might arise that something was due to Mott when the orders were accepted.

There are various other exceptions, but they require no notice as these views, if correct, must result in a reversal of the judgment. But it is claimed by the plaintiff that, even assuming the orders to be mere assignments, still that it appeared upon the trial there was due to Mott from defendant the sum of $626.76, upon the two contracts, and for that sum he is entitled to judgment ; and such appears to be the conclusion as derived from the pleadings.

Judgment reversed and new trial granted, costs to abide event,.

with leave to plaintiff to offer to reduce the judgment to $626.76, and to apply for judgment upon the pleadings for that amount, with costs.

BARNARD, P. J., concurred; DYKMAN, J., not sitting.

Judgment reversed and new trial granted; order to be settled by PRATT, J.