PEIRCE v. DEVLIN et al.

(Supreme Court, General Term, First Department. February 17, 1893.)

1. ASSIGNMENT—FUNDS DUE OR TO BECOME DUE ON CONTRACTS WITH CITY.

On July 5, 1889, D. assigned to H. a certain sum "due or to grow due" under certain contracts with the mayor of New York city, etc., for restoring pavement, curb, and flagging over street openings, when and where directed, under order from department of public works. On July 12, 1889, D. executed and filed a bond to secure to the city the faithful performance of the work under the orders of such department. Before August, 1889, D. had performed similar work for the city under like orders issued by the same department; and for work done in June payments were due in August and September. *Held*, that the assignment did not apply to contracts made after July 12, 1889, and gave him no right to participate with subsequent assignees in the distribution of a fund due D. from the city, for work performed under orders given August 23, 1889, and subsequent thereto.

2. SAME.

A like assignment by D. to P. made subsequent to the execution of the bond by the former, but prior to August 23, 1889, when the first orders were issued thereafter for work, did not entitle P. to share in the distribution of such fund, since such bond created no contractual relation between D. and the city, but simply secured the city in the event that orders for such work, which constituted the contracts, should thereafter be issued.

Appeal from special term, New York county.

Action by John Peirce against John B. Devlin, the mayor and commonalty of the city of New York, Henry C. Hart, the Mt. Morris Bank, Edmond Huerstel, Alexander Pollock, Sadie Ulman, William H. Bostelman, and Mathew Baird, for an accounting, and to determine the validity and priority of certain assignments of a fund due defendant Devlin on contracts with the city of New York, executed to plaintiff and the defendants other than Devlin and the city. After the commencement of the action, William H. Bostelman died, and his administrators, William Bostelman and Christine A. Bostelman, were substituted as defendants. From a judgment and decree distributing the fund to defendants Pollock, Mt. Morris Bank, the administrators of William H. Bostelman, deceased, and Huerstel, plaintiff and defendant Hart appeal. Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN and FOLLETT, JJ.

Harriman & Fessenden, for appellant Peirce.

Theall & Beam, (Austen G. Fox, of counsel,) for appellant Hart.

Alexander & Green, (Daniel Whitford, of counsel,) for respondent Mt. Morris Bank.

James Demarest, (L. Laflin Kellogg, of counsel,) for respondents Bostelman's administrators.

C. J. G. Hall, (Uriah W. Tompkins, of counsel,) for respondent Pollock.

O'BRIEN, J. The fund, to a whole or a part of which the plaintiff and defendants made claim, was created in favor of one John B. Devlin out of work done for the city, according to orders given by the commissioner of public works, to replace and restore street pavements, etc. The evidence shows that prior to July 5, 1889, Devlin had, upon orders, performed certain work for the city in connection with repairing pavements, etc. He assigned to the defendant Hart on that date "fifteen hundred and seventy-five dollars, due or to grow due in and by virtue of certain contracts made and entered into by and between the mayor," etc., "and John B. Devlin, * * * for restoring pavement, curb, and flagging over street openings, when and where directed, under order from department of public works, under the direction of the water purveyor." Under another assignment, in form similar to that given to Hart, Devlin assigned to the plaintiff "the sum of seven thousand one hundred and twenty-two dollars, all moneys due or to grow due in and by virtue of a certain contract made and entered into by and between the mayor," etc., and Devlin, for work in connection with pavements, curbs, and flagging over street openings. The defendant the Mt. Morris Bank claimed, under an assignment by Devlin to it, dated October 16, 1889, "fifteen hundred dollars, due or to grow due" under similar contracts. Pending the action the administrators of the defendant Bostelman, who were substituted for him, claimed under an assignment to their intestate, under date of November 2, 1889, by which Devlin assigned "all moneys due or to grow due in and by virtue of certain orders made and entered into," etc., which orders are

specifically set forth in the assignment. The defendant Huerstel claimed under an assignment from Devlin, which recited that the amount assigned was, as in the other assignments, moneys "due or to grow due in and by virtue of certain contracts" made between Devlin and the city for labor in connection with pavement, curb, and flagging of streets. The defendant Pollock claimed under an order of the city court, filed November 22, 1889, with the comptroller, made in proceedings supplementary in an action in which Devlin was the defendant and Pollock the plaintiff, which order directed the mayor to pay to the attorney for Pollock the amount of the judgment out of moneys due Devlin for restoring pavement over street openings under orders of the department of public works bearing date August 23, 1889. In addition, the defendant Baird claimed a portion of the fund upon a copy of the city court execution filed by the sheriff with the comptroller December 9, 1889, in favor of Baird against Devlin. The defendant Ulman claimed under an instrument made by Devlin to her, dated December 20, 1889, and filed with the comptroller December 31, 1889. On the 12th day of July, 1889, Devlin executed and filed a bond in the sum of $10,-000, which recited that Devlin "has been authorized by the commissioner of public works * * * to properly restore and repave the street pavement and reset the curbstone and relay the flagging in the streets * * * over excavations which have been or shall hereafter be made for whatever purpose." The bond then provides for the faithful performance of the work to be undertaken by Devlin under the orders of the department of public works. The first order thereafter given was on August 23, 1889, and from time to time similar orders were given by the commissioner of public works, down to and including May 15, 1890, and it was as the result of work upon these orders given between August 23, 1889, and May 15, 1890, that the fund was realized. The evidence further discloses that prior to August, 1889, Devlin had performed similar work for the city under like orders issued by the commissioner of public works. The only ones, however, that it will be necessary to refer to are those which appear in evidence covering work done between June 3 and June 8, 1889, the payment for which was due August 3, 1889; and also an order for the period between June 17 and June 22, 1889, for which payment was due September 5, 1889. The money due under the last two mentioned orders was paid, subsequent to July 12th, to the Mt. Morris Bank, which claimed the same under a former assignment made by Devlin to it, and which antedated those given by Devlin to the defendant Hart and the plaintiff.

In deciding as to the true claimants to the fund we must, from a construction of the various assignments, determine what by their terms was intended to be assigned. Those prior to July 31, 1889, which included the plaintiff's, the defendant Hart's, and the prior assignment, already referred to, to the Mt. Morris Bank, in terms provide for an assignment "of all moneys due or to grow due in and by virtue of a certain contract made and entered into by and between the mayor," etc. Considering the language thus used, we fail to see how it is applicable to contracts not yet in existence, or how, under such a form of assignment,

claim could be made by the appellants here to the fund in dispute, which was created by contracts entered into between Devlin and the city subsequent to the date of such assignments. Having in mind the fact that certain contracts had been entered into between Devlin and the city prior to July 31st, and that moneys were due thereon and unpaid, it seems to us to be reasonably free from doubt that the true construction, regard being had to the terms of the assignments, is to confine those of Hart and Peirce to the contracts which had already been entered into and upon which moneys were then due. This construction is enforced by the conduct of the Mt. Morris Bank, which, though holding under a prior assignment, containing language similar to that employed in the Peirce and Hart assignments, understood, undoubtedly, that their as-·signment only related to contracts which at that time had been entered into between Devlin and the city, and from which moneys were due or would grow due; for thereafter, and in October, they obtained another assignment, with a view to having a claim to moneys earned upon the orders subsequent to August 23d; and it was under this latter assignment that they were allowed to share in the present fund.

There can be no question, in view of the numerous authorities in which the case of Field v. Mayor, 6 N. Y. 187, has been cited with approval, that the rule as therein stated as to what may be the subject of an equitable assignment is now settled. As therein said:

"Whatever doubts may have existed heretofore on this subject, the better opinion, I think, now is that courts of equity will support assignments, not only of choses of action, but of contingent interests and expectations, and of things which have no present, actual existence, but rest in possibility only, provided the agreements are fairly entered into, and it would not be against public policy to uphold them."

Under the law, therefore, it would have been entirely legal and valid for Devlin to have given an assignment to Hart and Peirce which would have embraced the result of any subsequent orders under which work was done for the city, and by virtue of which they could have obtained a right to moneys becoming due under such orders. As already said, however, the question presented is, did the assignments from Devlin to Hart and Peirce expressly or by implication embrace or relate to the moneys which might result from work that he might be called upon to perform under subsequent orders? Having in mind the prior contracts upon which moneys were due, and the terms of the assignments themselves, we think it reasonably certain that these assignments to Hart and Pierce only covered the contracts which were then in existence, and payments under which had not at the time been made. Much stress is placed by plaintiff upon the fact that prior to the date of his assignment the bond already referred to had been executed by Devlin, and from this the inference is sought to be drawn that it of itself created a contractual relation between Devlin and the city. We have not been impressed, however, with the force of this suggestion, because there was nothing in connection with the filing of the bond which in any way obligated the city to give Devlin any future work, but it placed the city in a position that, if it should thereafter issue orders, and enter into a contract with Devlin, his bond would be answerable for the faithful performance of

such contract. There was no contract between the city and Devlin covering the whole work, but, as the evidence shows, and the law applicable to the issuing of such orders demonstrates, these orders were issued from time to time, as the exigency arose requiring the immediate repavement of streets; and under the law the work under such orders could not exceed in amount $1,000. When such exigency arose, it was only after issuing the requisition, and the filing of the certificate of necessity by the commissioner of public works, and the performance of the work required to be done, duly certified, that the obligation and contract to pay to Devlin the value thereof was assumed by the city. We think, therefore, that the learned trial judge was correct in holding that at the time the assignments to the plaintiff and Hart were made the subsequent contracts, out of which this fund was created, were not in existence, and that, as the terms of their assignments had reference to existing contracts, and not to future ones, they had no right to the money in dispute. It will thus be seen that we agree with the disposition made of the several claims by the trial judge, and the judgment appealed from should therefore be affirmed, with costs and disbursements.

VAN BRUNT, P. J., concurs in result.    FOLLETT, J., concurs.