(25 Misc. Rep. 699.)

### SCHMOHL v. O'BRIEN et al.

(Supreme Court, Appellate Term. January 23. 1899.) .

1. MECHANICS' LIENS—SUBCONTRACTORS.
   Where a building contract provides for the owner's completion on the contractor's default, a subcontractor's lien attaches to any balance in the owner's hands, over the contract price, after deducting the cost of completion.

2. SAME—APPEAL—FINDINGS—EXCEPTIONS.
   An exception by a subcontractor, suing to foreclose a mechanic's lien, to a finding of fact that the defendant owner had expended all of the contract price before the lien attached, presents error at law, if the evidence is insufficient to support the finding, prima facie.

Appeal from city court of New York, general term.

Action by William H. Schmohl against Timothy O'Brien and others. From a judgment for defendant O'Brien, plaintiff appealed to the general term, which affirmed the judgment (53 N. Y. Supp. 1114), and he again appeals. Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Harris Wilson, for appellant.
Michael J. Mulqueen, for respondent.

GIEGERICH, J. This was a subcontractor's action to foreclose a mechanic's lien, and the trial resulted in favor of the defendant owner; the court having found that nothing was due the principal contractors, who were in default of the contract, and that the owner had expended the full contract price, by payment to the contractors, or by meeting the expense of completing the work after the contractors had abandoned it. The contract provided for the owner's completion upon the contractors' default. Therefore the subcontractor's lien would attach to any balance remaining in the owner's hands, over the contract price, after deducting the cost of completion. Van Clief v. Van Vechten, 130 N. Y. 571, 577, 29 N. E. 1017; Campbell v. Coon, 149 N. Y. 556, 44 N. E. 300; Manufacturing Co. v. Rohrig, 16 App. Div. 633, 45 N. Y. Supp. 1139. And the plaintiff assails the finding that there was no balance, and claims that the evidence fails to support the fact, in a substantial degree. The exception taken to the finding of fact that the defendant owner had expended the whole of the contract price would present error of law, if the evidence were insufficient to support the finding, prima facie. Morowsky v. Rohrig, 4 Misc. Rep. 167, 23 N. Y. Supp. 880, and citations. And our examination of the record discloses that there was no evidence to sustain certain credits made to the owner in the course of the decision, with the result that the finding is to be declared unfounded; there being, beyond question, a balance in the hands of the defendant owner applicable to the plaintiff's lien.

The amount payable to the contractors, had they completed, was $751.50, and the payments claimed to have been made by the owner under the contract, and in the course of his own completion of the work, were $760.84, according to an abstract from the record submitted on the argument; but the evidence shows that at least three items going to make up this last sum were not allowable. One item of $5 for ceiling work, while adverted to by counsel for the defendant O'Brien in the course of his client's direct examination, was not proven, as in fact an expense, by any statement of the witness. A further item of $6.50 for lumber was clearly embodied in the general lumber bill, and thus was credited to defendant twice over. So, too, of the item of $11.50 for plastering, since the amount was made the basis of a credit to defendant upon payment to the plasterer at the contractors' order, and once again because the amount thus paid was included in the latter's receipt. We also find the proof to be very unsatisfactory as to the owner's alleged payment of $100 to the carpenter, Goldberg, since it would certainly seem, from the owner's (O'Brien's) testimony, that he had credited himself with this same sum as paid to one of the contractors, Walter Powers. His testimony as to this was self-contradictory, and could well have called for disapproval by the general term as proof of the particular facts sought to be supported; but we are not inclined to place our reversal of the judgment upon the failure of proof touching this item, since it may be that some evidence for its support is found in this witness' testimony, given at one stage of the trial, that the payments to Goldberg and to said Walter Powers were distinct. In any event, the finding as to the state of the fund in the owner's hands should have been in the plaintiff's favor for some amount, as we have shown, and the finding which was made was without evidence for its support; hence there was substantial error of law.

The judgment should therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

