DYER et al. v. OSBORNE et al.

(Supreme Court, Appellate Term.   June 28, 1899.)

MECHANIC'S LIEN—SUBCONTRACTS—EFFECT OF DEFAULT OF CONTRACTOR.
> Under the clause of a building contract giving the owner the right on default of the contractor to finish the work covered by the contract and deduct its cost from the contract price, an election by the owner to exercise such right is a waiver of any right he might have to insist that the contractor had forfeited his claim to final payment, and the owner is liable for the excess, if any, remaining, after deduction of the cost of completion, which excess is chargeable with mechanics' liens of subcontractors furnishing materials to the contractor.

Appeal from municipal court, borough of Manhattan, Tenth district.

Action by John N. Dyer and another against Dora M. Osborne, impleaded with others.    Judgment for plaintiffs, and defendant Osborne appeals.   Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Thomas O'Callaghan, Jr., for appellant.

Robert J. Fox, for respondents.

LEVENTRITT, J.   The plaintiffs brought this action to foreclose a mechanic's lien which they had filed against the property of the defendant (appellant) Dora M. Osborne.   She had entered into an agreement with one James F. Diskin, under which he was to build the cellar of those premises for the sum of $4,900.   The plaintiff contracted with Diskin to furnish certain granite blocks for the sum of $269.65.   After the blocks had been delivered and used in the construction of the cellar, Diskin discontinued the work, claiming that the appellant forbade him to proceed further.   She, on the other hand, asserts that he abandoned it.   However this may be, the appellant admits that the work was completed by her, under the building contract with Diskin, pursuant to a clause therein contained to the effect that upon his default she could elect, upon the service of a three-days notice, to finish the work, and to deduct its cost from the unpaid balance of the contract.   By making this election, she waived any right she might have had to insist that Diskin had forfeited all claim to the final payment, and became liable to him for the excess, if any, of such unpaid balance over the cost of completion.   Ogden v. Alexander, 140 N. Y. 356, 35 N. E. 638; Wheeler v. Scofield, 67 N. Y. 311.   Upon that excess the subcontractor's lien, of course, could rest.   Van Clief v. Van Vechten, 130 N. Y. 571, 29 N. E. 1017; Schmohl v. O'Brien, 25 Misc. Rep. 699, 55 N. Y. Supp. 629.   Upon the trial it was a sharply litigated question whether in fact any excess existed.   According to Diskin's testimony, the expenditure of $100 would have finished the cellar, and there would then remain due to him $1,617.50.   According to the appellant's testimony, she paid out several hundred dollars more than that sum to complete his work.   This conflict the justice solved in the plaintiffs' favor, at least to the extent of the lien under foreclosure; and we would not be

justified in reversing his finding on the. mere general estimates offered by the appellant to establish her alleged outlays. No bills were produced, nor was the expenditure itemized. The appellant also attacked the amount of the lien, insisting that the price charged was exorbitant. The amount claimed was based on·the terms contained in Diskin's written acceptance, and was supported by his and plaintiffs' testimony. Whatever sum the appellant might be required to pay in this action would be chargeable against the balance due to Diskin, and her interest would be unaffected. In other words, her liability to Diskin would be reduced by the amount of plaintiffs' recovery. We have considered the several exceptions taken to the exclusion and admission of testimony, and, finding no prejudicial error, have concluded to affirm the judgment.

Judgment affirmed, with costs to respondents. All concur.