RILEY et al. v. KENNEY et al.

(City Court of New York, General Term. December 13, 1900.)

1. MECHANIC'S LIEN—PAYMENT—SUFFICIENCY—SUBCONTRACTOR.

    The owner of a building accepted an order of the contractor, who stated in his receipt that the amount was given in full for the second payment. The owner neglected to file a copy of the order as required by Lien Law, § 15. *Held* that, though the acceptance of the order constituted a payment as against the contractor, it was invalid against subcontractors and lienors, no copy having been filed.

2. BUILDING CONTRACT—COMPLETION BY OWNER—DEDUCTION.

    Where a building contract provided that on the contractor's default the owner could complete the work, "the expense thereof to be deducted from the amount of the contract," the owner, in the absence of a showing of negligence, was entitled to deduct the actual amount paid by him for such completion, notwithstanding expert testimony that it might have been finished for a smaller sum.

Appeal from special term.

Proceeding to enforce a mechanic's lien by Arthur F. Riley and another, contractors, against Samuel Kenney, owner of the building, and Patrick Meehan and another, subcontractors. From a judgment in favor of plaintiffs and the subcontractors against the defendant Kenney, the latter appeals. Modified.

Argued before McCARTHY, SCHUCHMAN, and O'DWYER, JJ.

Lemuel Skidmore, for appellant.

J. Philip Berg, for respondents Riley and another.

Wm. Stainton, for respondent Meehan.

PER CURIAM. The contract provided, in case of the contractor's default, that the owner should have the right to take possession of the premises and finish the work, "the expense thereof to be deducted from the amount of the contract, or from any payments due or to become due the contractor." Extra work had been contracted for at the agreed price of $40, and on the 2d day of June the defendant Kenney took possession of the premises and proceeded to finish the work. The trial court found that he had a right to take possession of the building and complete the same under the contract, and this finding is amply sustained by the evidence. At this time the account between the plaintiffs and the owner stood as follows: Amount of contract, $2,635; extra work, $40; total, $2,675,—upon which amount the plaintiffs had been paid $1,875, leaving a balance due on completion of the work of $800. One of the payments included in the $1,875, to which defendant Kenney is entitled to credit as against the plaintiffs, is that of May 9th, of $500. This payment consisted of $25 cash and an accepted order, payable to Church E. Gates, for $475; and in the receipt given therefor it is stated that the amount is given in full for the second payment under the contract. The acceptance of this order and the receipt given therefor, it was properly held, constituted a payment as between the plaintiffs and defendant Kenney, but was invalid as against the defendants Murray and Meehan, subcontractors and lienors, for the reason that a copy thereof was never filed with the county clerk, as required by section 15 of the lien law. Mr. Kenney did not finish the building until after the 1st of July, and he testified positively that in doing the work he acted in good faith, sought advice of skilled persons as to the purchase of all materials, and bought them at the cheapest rate he was able to get them, and did the work as cheaply as possible; that it cost him to complete the building according to the specifications $843.91. And for each item of this amount vouchers were introduced in evidence on the trial. There was no dispute as to these expenditures by Mr. Kenney, or that they were not made in conformity with the specifications. In opposition, however, to this claim, the plaintiff Mr. Riley testified that he could have finished the building for $335. Thereupon, instead of allowing Mr. Kenney the expense incurred by him in completing the work, the court allowed $500, as "the reasonable and fair amount to be charged against the contract price for such completion." This determination was error. Mr. Kenney was entitled, under his contract, to charge against the plaintiffs the sum actually expended by him in completing the building, and expert testimony as to the cost of completing it could in no way affect this right. It was necessary, before the plaintiffs could succeed, that they should show what it cost the defendant to complete the contract. They, having broken their contract by their delay, had no cause of action, except that conferred by the contract, and they could only make out a cause of action by showing what it had cost the defendant to complete the contract; and, unless they were able to establish that there had been negligence in the manner in which the defendant had proceeded to complete the contract, that which it cost him was the amount which he was entitled to deduct from the

money due on the contract, no matter how many theorists might say that it could have been done for much less. Robinson v. Association, 35 App. Div. 439, 54 N. Y. Supp. 858; Schmohl v. O'Brien, 25 Misc. Rep. 699, 55 N. Y. Supp. 629; Dyer v. Osborne, 28 Misc. Rep. 234, 58 N. Y. Supp. 1123; Zimmerman v. Jourgensen (Sup.) 14 N. Y. Supp. .548.

With respect to the claims of Murray and Meehan a different condi- tion prevails. They had valid liens for the respective amounts of their claims. The accepted order for $475 is invalid as against them, and, even deducting from the amount the excess of $43.21 paid by Mr. Kenney in completing the building, there remains at this time $431.09 applicable to the payment of these liens, aggregating $266.50.

Judgment appealed from affirmed with respect to the liens of Murray and Meehan, together with their disbursements on this ap- peal, but without costs, and in other respects reversed, and a new trial ordered, with costs and disbursements to the appellant to abide event.

