(73 Misc. Rep. 393.)

.     TOLKOW v. METROPOLITAN LIFE INS. CO.

(City Court of New York, Trial Term. ' May, 1911.)

1. MECHANICS' LIENS (§. 128*)—NECESSITY FOR FILING.

    Materialmen and workmen have no lien upon or equity in money due or paid under a building contract until they have filed their liens.

    [Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 177; Dec. Dig. § 128.*]

2. ASSIGNMENTS (§ 50*)—BUILDING CONTRACTS—ORDER TO PAY MONEY—ACCEPTANCE.

    An unequivocal acceptance by the owner of a building of an order for the payment of money or the assumption of a legal liability on account of the contractor who is erecting the building is equivalent to a payment, and amounts to an equitable assignment.

    [Ed. Note.—For other cases, see Assignments, Cent. Dig. §§ 99–105; Dec. Dig. § 50.*]

3. MECHANICS' LIENS (§ 114*)—ASSIGNMENT OF FUND DUE CONTRACTOR—NECESSITY OF FILING ORDER.

    Section 15 of the lien law (Consol. Laws 1909, c. 33), which provides that assignments and orders drawn by a contractor upon the owner of property upon which he is at work for the payment of money due or to become due must be filed with the county clerk to preserve their validity, is intended to give notice to subcontractors, materialmen, and laborers of attempts to divest the fund due the contractor, and a failure to file an order drawn by a contractor on a sum due him under a building and loan agreement though it has been accepted and partly paid renders the order ineffective as against liens subsequently filed.

    [Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 149; Dec. Dig. § 114.*]

4. ASSIGNMENTS (§ 131*)—ASSIGNMENT OF FUND DUE CONTRACTOR—NECESSITY OF FILING ORDER—PLEADING.

    Where, in an action upon an order directing the payment of a part of a sum due a contractor under a building and loan agreement, which was accepted in good faith by defendant and a sum paid thereon, a defense that the assignment has not been filed as required by section 15 of the lien law (Consol. Laws 1909, c. 33), is insufficient where it does not also allege that prior liens have been filed, as it is presumed that there are no such liens on file, in which case the acceptance would create an equitable assignment.

    [Ed. Note.—For other cases, see Assignments, Dec. Dig. § 131.*]

Action by Morris Tolkow against the Metropolitan Life Insurance Company. From a judgment dismissing the complaint and a motion for new trial, plaintiff appeals. New trial granted.

Max Schenkman, for appellant.

Woodford, Bovee & Butcher, for appellee.

FINELITE, J.   The plaintiff instituted this action to recover the sum of $700, a balance claimed to be due under a written order made by one William Lyman, and accepted by defendant, for labor performed and materials furnished by plaintiff, arising out of the following facts:   That on or about May 8, 1907, defendants and the said Lyman entered into a written agreement, by the terms of which the defendant agreed to loan to the said Lyman, and he agreed to accept,

the sum of $80,000 under a building loan agreement, and secured by a mortgage executed by the said Lyman on the premises situated on the southeast corner of 184th street, in the city of New York, which premises were then in the course of construction by the said Lyman. The plaintiff, pursuant to a contract with the said Lyman, performed certain work and furnished materials in and about said premises, on which the sum of $1,200 was due, and for which amount, pursuant to an understanding had between them, the said Lyman assigned to said plaintiff the sum of $1,200 out of the last payment due said Lyman from the defendant, and out of the last payment of said building loan. Said order so drawn was delivered to said plaintiff and accepted by him, and read as follows:

"New York City, December 24, 1907. Metropolitan Life Insurance Company: Please deliver to Mr. Morris Tolkow the sum of twelve hundred ($1,-200.00) dollars out of the last payment in building loan contract on house southeast corner of 184th street and Broadway, and charge the same to me.
     "Yours truly,                    [Signed] William Lyman."

When said plaintiff accepted said assignment or order he agreed to and did release said Lyman from the payment of said amount of his debt. It further appears from the complaint herein that the said Lyman and the defendant accepted said assignment for the sum therein mentioned, also released it from said amount due him out of said last payment of the building loan contract as aforesaid. And when the work was performed by the said Lyman under said contract with the defendant the defendant paid to the plaintiff the sum of $500, and refused to pay the balance due under said order, to wit, $700, when demanded. When said action came on for trial, and before any evidence was introduced, the complaint was dismissed on motion of the defendant, on the ground that the assignment or order to the plaintiff was not filed in accordance with the provisions of section 15 of the lien law (Consol. Laws, c. 33, 1909), which section of the lien law reads as follows:

"No assignment of a contract for the performance of labor or the furnishing of materials for the improvement of real property or of the money or any part thereof due or to be become due therefor, *nor an order drawn by a contractor or subcontractor upon the owner of such real property for the paying of such money, shall be valid until the contract or a statement containing the substance thereof, and such assignment or a copy of each or a copy of such order, be filed in the office of the county clerk of the county wherein the real property improved or to be improved is situated,* and in case of a contract with a municipal corporation also with the comptroller or chief fiscal officer thereof, and such contract, assignment or order shall have effect and be enforceable from the time of such filing. Such clerk shall enter the facts relating to such assignment or order in the 'lien docket' or in another book provided by him for such purpose." (The italics are mine.)

This section is a substantial re-enactment of section 15, c. 418, Laws of 1897, by adhering thereto, "that in case of a contract with a municipal corporation that the order or assignment or a copy of the same be filed with the comptroller or chief fiscal officer thereof." Under the lien law as it formerly existed (Laws 1885, c. 342), before it was amended (L. 1896, c. 915), the assignment of a contract or of the moneys due or to become due thereunder, or an order for the payment of money

to be charged against a building contract, were valid as against liens filed subsequently to that date of such assignment or order, and it was not required that they be filed or recorded. The courts in this state have gone far in recognizing the validity of such assignments and orders. In the case of McCorkle v. Herrman, 117 N. Y. 297, 22 N. E. 948, it was held that one who has furnished materials in the erection of a building has, prior to filing his notice of lien, no preferential right to be paid for his labor or materials out of a sum due from the owner of the building to the contractors, but stands in the same position as other creditors; but if, before he has filed his lien, another creditor, pursuing the usual remedy for the collecting of debts, has acquired an equal and equitable right to have the debt applied in satisfaction of his claim, this right is not overreached by liens subsequently filed, save where priority is expressly given by statute. In this case the rule was applied that the owner is protected in respect to payments to the contractor made bona fide before the filing of a notice of lien, and this although the notice was filed within the statutory time; and an obligation assumed by the owner to pay a third person is regarded as equivalent to payment to the extent of the obligation (citing Carman v. McIncrow, 13 N. Y. 70; Crane v. Genin, 60 N. Y. 127; Gibson v. Lenane, 94 N. Y. 183; Lauer v. Dunn, 115 N. Y. 406, 22 N. E. 270). Spicer v. Snyder, 21 N. Y. Supp. 157; [1] Id., 12 N. Y. Supp. 744 [2] was a case where the contractor assigned his contract, and the moneys due and to grow due thereunder, as security for the price of lumber furnished him to perform his contract. It vests in the assignee an equitable interest, operating upon the indebtedness as it arises from time to time. Payments made by the contractor, as required by his contract, for labor and materials were held to be proper, and satisfied the contract to the extent of such payments. In Stevens v. Ogden, 130 N. Y. 182, 29 N. E. 229, an order drawn by the contractor in favor of a creditor, by its terms payable out of a sum due or to become due from the owner under his contract, when such order is given and accepted in payment of the debt, operates as an assignment pro tanto of that fund (citing Brill v. Tuttle, 81 N. Y. 454, 37 Am. Rep. 515; Conselyea v. Blanchard, 103 N. Y. 222, 8 N. E. 490; Lauer v. Dunn, 115 N. Y. 406, 22 N. E. 270). The court in this case quoted at length from the opinion of the court in the case of McCorkle v. Herrman, supra, and said:

"There is no provision in the statute forbidding a contractor to pay his creditors out of the money due or to become due from the owner, to the exclusion of laborers and materialmen who have not filed liens. This may be an omission, but, if so, it can only be supplied by the Legislature, for the courts cannot extend these statutory rights beyond the terms of the statute by which they are created."

It may be that the Legislature attempted to supply this omission in enacting the amendment of Laws of 1896, c. 915. By providing that

[1] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 66 Hun, 628.

[2] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 58 Hun, 605.

all assignments and orders be filed to preserve their validity the subcontractors, materialmen and laborers receive notice of attempts to divest the fund due the contractor. Riley v. Kenny, 33 Misc. Rep. 384, 67 N. Y. Supp. 584; Kenyon v. Walsh, 31 Misc. Rep. 634, 66 N. Y. Supp. 35.

[1] It is well settled that materialmen and workmen have no lien upon or equity in money due or paid under a building contract until they have filed their liens. It would lead to a great embarrassment, uncertainty, and inconvenience if a person receiving money from a builder would have to ascertain whether he obtained it under a building contract before he could safely take it for property sold, or apply it upon an antecedent debt justly due. Mack v. Colleran, 136 N. Y. 617, 32 N. E. 604. In Hirschfield v. Ludwig, 69 Hun, 554, 24 N. Y. Supp. 634, it was held that when an order, drawn upon a particular fund named therein, has the effect pro tanto of an assignment of the fund, it binds the fund in the hands of the drawer from the date of the presentation of notice of such assignment; and this is so whether the fund is in the hands of the drawee at the time of the notice of the order or comes into his hands thereafter. In either case the drawee becomes primarily liable to the payee for the amount of the order, as in the case of an acceptance, and it is immaterial at what time the order is actually paid; and the drawer will be entitled to maintain his lien by virtue of any security he holds therefor from the date when the indebtedness becomes his own. In Pierce v. Devlin, 22 N. Y. Supp. 208 [3] contingent interests and things which have no present actual existence, as contracts to be entered into in the future, not only with individuals, but with municipal corporations, may be the subject of an equitable assignment. But such an assignment will not be extended by implication to embrace future contracts unless such intention is clearly expressed so as to bring the expected obligation within the terms of the assignment. In Gunther v. Darmstadt, 14 Daly, 368, 13 N. Y. St. Rep. 145, an order was given, in negotiable form, to pay to "A. S., or order, $2,000, and charge the same to the balance due on my contract for the erection of two buildings," etc. Nothing was due the drawer when he signed the order, and there was nothing expressed in the order extending it to moneys to become due, and no evidence to that effect; held not to operate as an equitable assignment of future payments. In Lauer v. Dunn, 115 N. Y. 406, 22 N. E. 270, upon the completion of a building there was due the contractor the sum of $750. The contractor drew an order upon the owner directing him to pay certain subcontractors, who had performed part of the work, the sum of $700 and charge the same to the contract. The subcontractors presented the order to the owner, but it was not accepted. A few days afterwards liens were filed by various parties. It was held that the order amounted in law to an assignment pro tanto of the fund in the owner's hands; that it had been made in good faith and for a valuable consideration, and notice thereof given to the owner prior to the filing of any lien; that no subsequent lien

[3] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 67 Hun, 652.

could defeat the subcontractors' right to the money, and the owner would have been protected in its payment. In Lawrence v. Phipps, 67 Hun, 61, 22 N. Y. Supp. 16, a contractor who had agreed to erect certain buildings, while the buildings were in course of construction, drew and delivered to materialmen two orders .upon the owners of the buildings. The orders were respectively accepted by the owner as follows: "The within order accepted, payable when buildings are entirely finished," and "the within order accepted, payable as the buildings progress, or when the same are completed." It was held, in an action by the materialmen against the owner on the orders and acceptances, that the instruments disclosed an intent not to pay the sums named absolutely, but only to pay out of moneys to become due or which were due the contractor upon his contract; that the orders must be regarded as assignments, and that if nothing was ever due the contractor no liability arose upon the acceptances. In Gibson v. Lenane, 94 N. Y. 183, an order drawn by contractors upon an owner, directing the owner to retain and pay to certain persons an amount specified therein from the last payment to be made to the contractors under their contract, according to the terms thereof. Such order was accepted by the owner. Such acceptance was to the effect that the owner would retain in his hands from the last payment due upon his contract with the builders an amount sufficient to pay the person named in the order. It was contemplated thereby that the contractors should complete their contract, so as to entitle them to the last payment. If the contract was abandoned, and completed by the owner according to the terms thereof, the owner, because of such order, became liable to pay the persons named therein any part of the last payment which remained in his hands after deducting the cost of completion. As to such remainder the acceptance of the order operated as an equitable assignment thereof. Garrison v. Mooney, 9 Daly, 218.

[2] When the owner accepts unequivocally an order for the payment of money or assumes a legal liability on account of the contractor such acceptance is equivalent to a payment and has the same effect. In Van Kannel Revolving Door Co. v. Astor, 119 App. Div. 214, on page 219, 104 N. Y. Supp. 653, on page 657, the court said:

[3] "Any owner or contractor may make a contract to pay for the work or improvement in advance, or at stated times during the progress of the work; and he may make such payments when they become due, unless in the meantime a notice of lien has been filed. The statute provides for giving each person in interest an opportunity to know the contents of the contract and the amount due or to become due thereon, so that he may act intelligently in reference to his own interests; and section 15 fits into this scheme, and provides that if there is any assignment of the contract, or of moneys due or to become due under the same, record notice of such fact shall be given. By the terms of the act, and by that rule which requires a liberal construction of remedial statutes, we are required to construe this statute in the interests of those whose rights are to be protected, and an examination of the cases to which attention is called confirms the view here reached. Lawrence v. Dawson, 50 App. Div. 570, 64 N. Y. Supp. 185, affirmed 167 N. Y. 609 [60 N. E. 1115]; Harvey v. Brewer, 82 App. Div. 589, 81 N. Y. Supp. 846, affirmed 178 N. Y. 5 [70 N. E. 73]; Kane Co. v. Kinney, 174 N. Y. 69 [66 N. E. 619]; Armstrong v. Chisolm, 99 App. Div. 465, 91 N. Y. Supp. 299. These cases have dealt with a variety of facts, but they have all recognized the effect of

section 15 of the lien law as requiring equitable assignments to be filed in order to become effective as against subsequent liens."

Nor can the plaintiff assert by his argument that the defendant, recognizing the order (construed as an equitable assignment), and having paid $500 on account of the indebtedness due the plaintiff, thereby acknowledged the indebtedness. The defendant has the right to invoke the statute, and on the failure of said plaintiff to file the order, as pointed out in section 15 of the lien law, supra, I cannot see that he can be successful in this action. This is not a case wherein an owner had paid money to a subcontractor in recognition of an order signed by the contractor for such payment, and wherein the owner had in good faith paid or advanced, on account of the order so received, a sum of money thereon, as in the case of Harvey v. Brewer, 178 N. Y. 5, 70 N. E. 73, in which case the court said, in the construction of the statute, that it does not hinder or embarrass an owner who in good faith makes such payment before the filing of liens.

[4] The pleading of the defendant fails to allege that any prior liens have been filed against the premises in the office of the clerk of the county of New York for work done or materials furnished, and the court can thereupon assume, in the granting of this motion, that there are no other liens against said property, so that in the acceptance of the order by the defendant in good faith it is presumed that it was an equitable assignment for which payment the defendant would be liable. But, as the defendant argues in his brief that a lien had been filed prior to the acceptance of this order by the defendant, knowledge is brought home to the court as to this fact. But as the defendant's pleading fails to allege that a prior lien had been filed in the action before the acceptance of the order, the court must grant the motion for a new trial, construing the order as accepted by the defendant as an equitable assignment. There is no doubt in the court's mind that if the defendant's pleading was amended, alleging that a prior lien had been filed against said property, a different question would have arisen herein. The motion for a new trial is therefore granted and the case set down for Monday, October 2, 1911.